# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DEBORAH WOTRING,**
**Grievant Below, Petitioner**

**v.) No. 24-ICA-478**       (Grievance Bd. Case No. 2024-0836-MonED)

**MONONGALIA COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Deborah Wotring ("Ms. Wotring") appeals the October 31, 2024, order upholding the level one dismissal order from the West Virginia Public Employees Grievance Board's ("Grievance Board") administrative law judge ("ALJ"). Respondent Monongalia County Board of Education ("MonED") filed a response.[1] Ms. Wotring filed a reply. The issue on appeal is whether Ms. Wotring's employment selection grievance was timely filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wotring was employed as a substitute teacher for MonED. In September 2023, she applied for a permanent seventh grade math teacher position at South Middle School. Another applicant was selected for the position and was hired in October 2023. On November 6, 2023, MonED notified Ms. Wotring in writing that she was not selected for the position. The successful applicant could not transfer from her current teaching position until after the end of the 2023-2024 school year and Ms. Wotring served as the long-term substitute teacher for the remainder of the school year.

On May 30, 2024, Ms. Wotring learned that the successful applicant did not have the necessary certifications to teach seventh grade math. On June 10, 2024, Ms. Wotring filed a grievance with the Grievance Board asserting that she was the most qualified applicant for the seventh grade math teaching position, but MonED did not select her.

---

[1] Ms. Wotring is represented by SaraBeth Jett, Esq. MonEd is represented by Denise M. Spatafore, Esq.

1

Pursuant to West Virginia Code § 6C-2-3(c)(1)-(c)(2) (2023), MonED filed a motion to dismiss the grievance asserting that it was untimely filed pursuant to West Virginia Code § 6C-2-4(a)(1) (2023). On July 26, 2024, the Grievance Board's level one evaluator granted the motion and dismissed Ms. Wotring's grievance, finding that it was untimely filed. Ms. Wotring appealed the dismissal order to level three, and the dismissal order was reviewed by the ALJ. *See* W. Va. Code § 6C-2-3(c)(1) (a dismissal order based on timeliness is appealed to level three and is reviewed by an ALJ). In its October 31, 2024, order, the ALJ determined that the deadline to file Ms. Wotring's employment selection grievance was fifteen days from November 6, 2023 - the date Ms. Wotring was notified of her non-selection for the seventh grade math teaching position. This appeal followed.

Our governing standard of review for a contested case from the Grievance Board is as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedures;
>
> (4) Affected by other error of law;
>
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal).

On appeal, Ms. Wotring asserts in her only assignment of error that the ALJ misapplied the discovery rule exception contained in West Virginia Code § 6C-2-4(a)(1) and erroneously dismissed her grievance as untimely. Ms. Wotring argues that the grievable event occurred on May 30, 2024, the date she learned that the successful applicant did not have the certifications necessary to teach seventh grade math. Because she did not discover facts about the successful applicant's lack of certification until May 30, 2024, she

2

argues that her grievance was filed within fifteen days of the May 30, 2024, grievable event. MonED argues that the grievable event occurred on November 6, 2023, when Ms. Wotring was unequivocally notified by MonED that she was not selected for the teaching position. Therefore, Ms. Wotring's employment selection grievance filed June 10, 2024, was untimely. We agree with MonED.

West Virginia Code § 6C-2-4(a)(1) provides, in pertinent part:

[w]ithin 15 days following the occurrence of the event upon which the grievance is based, within 15 days of the date upon which the event became known to the employee, or within 15 days of the most recent occurrence of a continuing practice giving rise to a grievance, an employee may file a written grievance. . . .

W. Va. Code § 6C-2-4(a)(1) (2023).

We find that the dispositive issue on appeal is whether the discovery rule exception in West Virginia Code § 6C-2-4(a)(1) extended the deadline to file Ms. Wotring's employment selection grievance. We are guided by the Supreme Court of Appeals of West Virginia's ("SCAWV") holding in *West Virginia Division of Highways v. Powell*, 243 W. Va. 143, 842 S.E.2d 696 (2020). In *Powell*, the SCAWV examined the discovery rule exception of West Virginia Code § 6C-2-4(a)(1) as it applies to employment selection grievances. With substantive facts nearly identical to the facts in this case, the SCAWV held that "[t]he time period for filing an employment selection grievance under W. Va. Code § 6C-2-4(a)(1) (2008) begins when the grievant is unequivocally notified of the selection decision by the employer, not when the grievant discovers facts about the person selected for the position." *Id.* at Syl. Pt. 3.

Ms. Wotring admits—and the record demonstrates—that she received written notice from MonED that she was not selected for the teaching position on November 6, 2023. Applying the holding in *Powell*, we find that the grievable event in this case occurred on November 6, 2023, when Ms. Wotring was notified of her non-selection for the teaching position. Ms. Wotring had fifteen days from November 6, 2023, to file her employment selection grievance, but did not file it until June 10, 2024 – well past the fifteen-day deadline. Therefore, we find no error in the Grievance Board's order dismissing Ms. Wotring's untimely filed grievance.

For the foregoing reasons, we affirm the ALJ's October 31, 2024, order upholding the level one dismissal order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White